J-A03019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL PERKINS | |
| Appellant | No. 210 EDA 2015 |

Appeal from the Judgment of Sentence January 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011906-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 08, 2016**

Appellant, Daniel Perkins, appeals from the January 7, 2015 judgment of sentence of five years' probation, after being found guilty of attempted criminal trespass.[1]  After careful review, we affirm.

The trial court has set forth the following facts and procedural history.

> On September 5, 2013, at approximately 7:30 a.m., Detective Kenneth Rossiter was at his home on Verree Road in the City and County of Philadelphia. Detective Rossiter entered his garage, contained within the home, and noticed Appellant at his garage door.  Detective Rossiter observed that the garage door was moving.  Detective Rossiter went back into his house and exited the front door to confront Appellant.  Appellant said that he was looking for someone named Sullivan.  Detective Rossiter advised Appellant that no such individual lived at that

---

[1] 18 Pa.C.S.A. § 901(a) (to commit 18 Pa.C.S.A. § 3503(a)(1)(ii)).

address. Appellant insisted that Sullivan did live there and began to use profanity. Detective Rossiter told Appellant that he should leave. Appellant then advised Detective Rossiter that he was not going anywhere.

Detective Rossiter then advised Appellant that he was a police detective and that Appellant was under arrest. Appellant challenged Detective Rossiter to show his badge, which Detective Rossiter then retrieved inside his home. As Detective Rossiter came out of his home, Appellant advised him that he was going to key every car in the driveway if Detective Rossiter didn't let him in the home. Detective Rossiter advised Appellant that he had the badge Appellant mentioned earlier. Appellant began walking north on Ver[r]ee Road. Detective Rossiter pursued him and attempted to take him into custody. Appellant struggled with Detective Rossiter, flailing his arms to avoid being handcuffed. Appellant was eventually subdued.

Trial Court Opinion, 4/1/15, at 2 (citations omitted).

On September 25, 2013, the Commonwealth filed an information, charging Appellant with the above-mentioned offense, plus one count each of attempted burglary, resisting arrest, and harassment.[2] A bench trial was held on October 22, 2014, at the conclusion of which Appellant was found guilty of attempted criminal trespass. The trial court acquitted Appellant of resisting arrest and harassment, and the attempted burglary charge was quashed pre-trial. A pre-sentence investigation report was ordered. On January 7, 2015, Appellant was sentenced to five years' probation. No post-

_____

[2] 18 Pa.C.S.A. §§ 901(a) (to commit 18 Pa.C.S.A. § 3502(a)(1)), 5104, and 2709(a)(1), respectively.

sentence motions were filed. On January 12, 2015, Appellant filed his timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> Was not the evidence insufficient as a matter of law to convict [A]ppellant of attempted criminal trespass beyond a reasonable doubt because "intimidation" as used in 18 Pa.C.S. § 3503(a)(3) requires a threat of physical force of violence, or an intent to instill fear, an element not proven by the Commonwealth?

Appellant's Brief at 3.

Our review is guided by the following. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [fact finder's] verdict beyond a reasonable doubt." **Commonwealth v. Patterson**, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, **Patterson v. Pennsylvania**, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted),

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** (internal quotation marks and citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* ***Diamond v. Pennsylvania***, 135 S. Ct. 145 (2014).

In this case, Appellant challenges the sufficiency of his conviction for attempted criminal trespass which is defined by the following statutes.

### § 901. Criminal attempt

**(a) Definition of attempt.--**A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901.

### § 3503. Criminal trespass

**(a) Buildings and occupied structures.**--

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

- 4 -

(2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under paragraph (1)(ii) is a felony of the second degree.

(3) As used in this subsection:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

*Id.* § 3503(a).

Appellant solely challenges the element of "intimidation" in Section 3503(a)(3). Appellant's Brief at 9. Appellant concedes he threatened to key Detective Rossiter's cars if he was not allowed to enter the home. *Id.* However, Appellant argues "[n]o reasonable person would ever allow a stranger into their home because they made an idle threat to scratch some paint." *Id.* Appellant asserts that the statute does not define "intimidation", but that "the statute cannot realistically include such minor unlawful behavior." *Id.* at 12. We note that the General Assembly did not define the term "intimidation."

Therefore, our initial focus is on the legislative intent discernible from the meaning of the statute. Our standard for such an inquiry is as follows.

"An issue of statutory construction presents a pure question of law and our standard of review is *de novo* and our scope of review is plenary." *Spahn v. Zoning Bd. of Adjustment*, 602 Pa. 83, 977 A.2d 1132, 1142 (2009). "The object of all interpretation and construction of statutes is to ascertain and

> effectuate the intention of the General Assembly." 1
> Pa.C.S. § 1921(a).

*In re T.B.*, 113 A.3d 1273, 1276 (Pa. Super. 2015). When a statute is not explicit, we consider a variety of factors to ascertain the legislative intent, including the object of the provision and the consequences of different interpretations. *Id.*, *citing* 1 Pa.C.S. § 1921(a). "Absent a definition, statutes are presumed to employ words in their popular and plain everyday sense, and popular meanings of such words must prevail." *Zimmerman v. Harrisburg Fudd I, L.P.*, 984 A.2d 497, 501 (Pa. Super. 2009) (internal quotation marks and citations omitted), *appeal denied*, 992 A.2d 890 (Pa. 2010).

Black's Law Dictionary defines "intimidation" as "unlawful coercion; extortion." BLACK'S LAW DICTIONARY 841 (8th ed. 2004). Further, "coercion" is defined as "compulsion of a free agent by physical, moral, or economic force or threat of physical force." *Id.* at 275-276. Appellant attempts to argue that a threat of physical force "must be one which endangers safety[]" and that can only be accomplished by "threaten[ing] violence or physical harm." Appellant's Brief at 25.

Upon careful review, we disagree. Despite Appellant's attempt to require intimidation to include a threat of violence to a person, intimidation merely requires a threat of physical force, in this case, destruction of property. Appellant intentionally threatened Detective Rossiter's property, his vehicles, in an effort to gain entry into Detective Rossiter's home. To

hold that a threat of physical force must be directed at a person would add a limitation to the statutory definition that would lead to unintended results. Essentially, Appellant's limitation would exclude physical force against all property from the statute's reach, including homes, vehicles, furniture, and even pets. *See* 1 Pa.C.S.A. § 1922(1) (stating "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable"). As a result, Appellant's threat was a "substantial step" towards the commission of criminal trespass. 18 Pa.C.S.A. § 901(a). Accordingly, viewing the evidence in the light most favorable to the Commonwealth, we conclude the Commonwealth met its burden of proving attempted criminal trespass beyond a reasonable doubt. *Patterson*, *supra*.

Based on the foregoing, we conclude the Commonwealth's evidence was sufficient to convict Appellant of attempted criminal trespass. Accordingly, we affirm the trial court's January 7, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2016

- 7 -